IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ED HEIMLICH, | § | |
| PLAINTIFF, | § | |
| V. | § | CAUSE NO. A-10-CA-264-LY |
| THE STATE OF TEXAS, | § | |
| DEFENDANT. | § | |

## ORDER GRANTING STATE'S MOTION TO DISMISS

Before the Court in the above styled and numbered cause is Defendant State of Texas's Rule 12(b)(6) Motion to Dismiss filed May 17, 2010 (Clerk's Document No. 3).

Plaintiff Ed Heimlich filed this lawsuit against the State of Texas as a result of a state-court case where Heimlich had been awarded a $660,605.74 judgment after a trial on the merits. The judgment was subsequently reversed by the Third Court of Appeals. The Texas Supreme Court then denied Heimlich's motion for mandamus and petitions for review and rehearing. Heimlich contends that this reversal constitutes obstruction of justice and a deprivation of property without due process of law and requests this Court order the State of Texas to pay Heimlich the money judgment he was initially awarded.

Defendant State of Texas moves to dismiss Heimlich's claims for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Specifically, the State argues that Heimlich's claims are barred by the Eleventh Amendment, Heimlich's claims are barred by *res judicata*, Heimlich has failed to state a claim under 42 U.S.C. §1985, and the Justices of the Texas Supreme Court (who are not named in this lawsuit but mentioned in the complaint) are entitled to absolute judicial immunity.

Heimlich's response to the State's motion was due to be filed on or before June 1, 2010. To date, Heimlich has not filed a response. The Court may grant the State's motion as unopposed if

review of the pleadings reveals that the motion to dismiss has merit. *See* W.D. Tex. Local R. CV-7(d); *see also General Star Indem. Co. v. Vest Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999); *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Cf. John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707-10 (5th Cir. 1985).

The Eleventh Amendment to the United States Constitution reads as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. While unapparent from the text, it is well established that this immunity extends to suits brought against a state by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 16–21 (1890). The Supreme Court has repeatedly held that the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his or her own state. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185–86 (5th Cir. 1986). This doctrine of sovereign immunity founded in the Eleventh Amendment has been recognized, applied, and enforced by the United States Supreme Court for over one hundred years to reject suits brought against the various states in federal court.

The Eleventh Amendment does not allow the states, however, to disregard the Constitution or valid federal law. *Alden v. Maine*, 527 U.S. 706, 754–55 (1999). Thus, two constitutional principles limit state sovereign immunity. *Black v. North Panola Sch. Dist.*, 461 F.3d 584 (5th Cir. 2006) (citing *Alden*, 527 U.S. at 754-55). First, states are immune from suit per the Eleventh Amendment unless they have given their consent to be sued. *Id.* Where, on its own initiative, a state enacts a statute that consents to suit, it abandons sovereign immunity. *Id.* An exception to this also

exists under § 5 of the Fourteenth Amendment, which provides that states cannot prohibit individuals from bringing private suits in state court under 42 U.S.C. § 1983. *Id.* (citing *Alden*, 527 U.S. at 756). This exception would not apply in this case which has been brought in federal court.

Second, state sovereign immunity prohibits private suits against states but not against lesser entities. *Alden*, 527 U.S. at 756. Eleventh Amendment immunity does not extend to suits prosecuted against municipalities or other governmental entities that are not considered arms of the state. *Id.* This condition also does not apply since suit is brought against the State.

Thus, the only means of avoiding the Eleventh Amendment prohibition in this case would be if the state has expressly waived Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dept. of Highways*, 780 F.2d 1268, 1271–73 (5th Cir. 1986). However, as is apparent from the motion to dismiss, the State of Texas has not done so. The record reflects no indication that the State has otherwise expressly waived immunity. Therefore, this suit against the State of Texas is barred by the Eleventh Amendment.

**IT IS ORDERED** that Defendant State of Texas Rule 12(b)(6) Motion to Dismiss filed May 17, 2010 (Clerk's Document No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs claims against the State of Texas are **DISMISSED WITH PREJUDICE**.

SIGNED this **15th** day of June, 2010.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE